IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| De'Andre Hayes,<br><br>    Petitioner,<br><br>vs.<br><br>Thi Hien Duong,<br><br>    Respondent. | Civil Action No.: 3:25-MC-_____ |

**PETITONER'S MOTION TO MAKE A DETERMINATIN OF ITALIAN LAW (OR TO TAKE JUDICIAL NOTICE THEREOF)**

Petitioner, De'Andre Hayes, (Father) respectfully requests the Court make a determination of Italian child custody law (or to take judicial notice thereof) as supported by the following authorities:[1]

1. The Convention on the Civil Aspects of International Child Abduction (the 1980 Convention), and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 *et seq*. (ICARA) state that courts shall use the most expeditious procedures available in adjudicating petitions under the Hague Convention to ensure the prompt return of children. Hague Convention, art. 2; 22 U.S.C. § 9001(a)(4).

2. In keeping with this objective, courts have the discretion to make a determination of foreign law under Federal Rules of Civil Procedure 44.1 or to take judicial notice of foreign law. Fed. R. Civ. P. 44.1; 1980 Convention, art. 14, 22 U.S.C. § 9905; *see also Alcala v.*

---

[1] Father does not file a Memorandum of Support in conjunction with this Motion because the grounds for the motion are fully explained herein. Local Civ. Rule 7.04 (D.S.C.). Father has also not consulted with Respondent because she has not yet been served with process and is currently *pro se*. *See* Local Civ. Rule 7.02 (D.S.C.).

*Hernandez*, Civil Action No. 4:14-cv-4176-RBH, 2014 U.S. Dist. LEXIS 153728, at *25-26 (D.S.C. Oct. 30, 2014) (taking judicial notice of Mexican child custody law for the purposes of issuing TRO); *Hirst v. Tiberghien*, 947 F.Supp.2d 578, 594 n.6 (D.S.C. 2013) (taking judicial notice of the law of the United Kingdom); *E. Sussex Children Servs. v. Morris*, 919 F.Supp.2d 721, 729 (N.D.W. Va. 2013) (taking judicial notice of English and Welsh law). The 1980 Convention specifically states that a court "may take notice directly of the law of, and of judicial or administrative decisions, formally recognized or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of law." Art. 14, 1980 Convention.

3. Fed. R. Civ. P. Rule 44.1 permits a court to consider any relevant material or source in making a determination of foreign law so long as the party requesting the court do so gives notice of its intent to ask the court to do so. Fed. R. Civ. P. 44.1. Father gave such notice in his Emergency Verified Petition. (Emergency Verified Petition ¶¶ 21-23).

4. Specifically, Father directs the Court's attention to Art. 316, Italian Civil Code, and the orders entered by the Italian Courts. The article and the court orders explain that Father has sufficient rights of custody under the 1980 Convention.

5. It is within the authority and discretion of this Court to take judicial notice of Italian child custody laws referenced above.

CONCLUSION

Therefore, Father respectfully requests that this Court make a determination of Italian law (or take judicial notice of Italian law) for the purposes of determining the likelihood that he will succeed on the merits of his claim, an element of this request for a temporary restraining order.

Respectfully Submitted,


/s/ Jennifer E. Wells
Jennifer E. Wells
Killoren, Kissinger, Dantin, Denton & Dunham, PC
178 West Main Street
Spartanburg, SC 29306
PO Box 3547
Spartanburg, SC 29304
P: (864) 585-5100
F: (864) 542-2994
jwells@kdtriallawyers.com