**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00554-KDB-SCR**

| | |
|---|---|
| **DE'ANDRE HAYES,** | |
| **Petitioner,** | |
| **v.** | **ORDER** |
| **THI HIEN DUONG,** | |
| **Respondent.** | |

**THIS MATTER** is before the Court on Petitioner De'Andre Hayes ("Hayes" or "Father") MOTION FOR EXPEDITED CONSIDERATION OF VERIFIED PETITION FOR RETURN OF CHILD TO ITALY AND ISSUANCE OF SHOW CAUSE ORDER, INCLUDING TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED SCHEDULING ORDER (Doc. No. 2). The Court has carefully considered this motion, Petitioner's supporting documents, and a telephone conference with Petitioner's counsel on July 31, 2025. For the reasons discussed below, the Court will **GRANT** the motion and enter the limited **Temporary Restraining Order** ("TRO") described below to maintain the current situation until such time as the Court can, following notice to Respondent Thi Hien Duong ("Duong" or "Mother"), hold a hearing in which both parents will have an opportunity to present to the Court their position on Petitioner's request that the Court order that the Parties' five-year-old daughter be returned to Italy, where both parents lived prior to Duong bringing the child to the United States in November 2024.

1

# I.     LEGAL STANDARD

This action involves a Petition for the return of a child to a foreign country (Italy) under the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("1980 Convention") and the International Child Abduction Remedies Act (ICARA). The objects of the 1980 Convention are to protect children internationally from the harmful effects of their wrongful removal from their home country (referred to as a "State" in the 1980 Convention), to establish procedures to ensure their prompt return to the State of their habitual residence, as well as "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." *See* 1980 Convention, Art. 1. The 1980 Convention applies to cases in which one parent wrongfully removes and/or retains their child, who is less than sixteen years old, from the child's habitual residence in breach of the other parent's custodial rights, which were being exercised at the time of the alleged wrongful conduct. *See* 1980 Convention, Art. 3.

Both the 1980 Convention and the ICARA urge the Court to promptly resolve disputes, with the 1980 Convention setting the goal of an outside limit of six (6) weeks for the determination of the merits of a wrongful removal or retention case from the date of filing. *See* 1980 Convention, Art. 11. Thus, consideration of the Petition must be expedited, with an evidentiary hearing on the return request being scheduled after Respondent is given notice and a fair opportunity to be heard. *See* ICARA at § 9003. Further, because a 1980 Convention petitioner can only bring a 1980 Convention action in the place where the child is actually located, ICARA at § 9003, the Court may order provisional remedies to ensure that the child in question is not further removed from its jurisdiction. *See* ICARA at § 9004.

A TRO or preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

2

entitled to such relief" and may never be awarded "as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008). The Fourth Circuit has similarly recognized that the grant of such a remedy involves "the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (*en banc*).

To receive an injunction prior to a final decision on the merits, a plaintiff or petitioner must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20; *Mountain Valley Pipeline, LLC v. Western Pocahontas Properties Limited Partnership*, 918 F.3d 353 (4th Cir. 2019); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Each of these four requirements must be satisfied. *Id.*

## II.     FACTS AND PROCEDURAL HISTORY

Duong, a Vietnamese citizen, and Hayes, an American Army sergeant, were married in a civil ceremony in Vietnam in January 2019. *See* Doc. No. 1-3. Shortly after their marriage, the couple moved to Italy in March 2019, when Hayes was reassigned to serve at Caserma Del Din in Vincenza. *See* Doc. No. 1-4. Duong was granted a spousal visa, but does not have a permit to work in the country. Hayes alleges that the couple began having difficulties in their relationship early in the marriage. Doc. No. 1 at 4. On July 21, 2020, Duong gave birth to their daughter. *Id*. Thereafter, the marriage came apart, with Hayes moving out of the former marital residence in December 2020. Following his departure, Duong and Hayes' daughter continued to live in the residence, and Hayes filed an application in the Italian courts to declare the spouses' legal separation. *See* Doc. No. 1-5 at 6. There was and is no allegation of abuse related to either parent.

3

On September 26, 2023, the General Court of Vicenza entered Judgment confirming that Duong and Hayes were legally separated, denying Duong's claim for a "fault-based separation" and finding that "shared custody is in the best interest of the child." Doc. No. 1-5 at 10. Regarding this custody, the Court held that, "[b]oth parents, exercising joint parental responsibility, shall jointly decide on matters of significant interest relating to the child's education, health, and upbringing…" *Id*. Still, with respect to the child's "living arrangements," the Court, consistent with the parents' agreement and the recommendations from "Social Services," ordered that "the child should continue to reside with the mother," giving Hayes visitation rights on Wednesdays, alternate weekends and certain holidays. With respect to financial matters, because Duong was fully dependent on Hayes for support, he was ordered to make support payments for Mother and their daughter.

According to Hayes, his and Duong's relationship worsened after the separation, as Hayes began relationships with a series of girlfriends to which Duong reacted poorly and vulgarly (especially if they were present when Hayes picked up or returned the child).[1] Also, Hayes claims that Duong didn't always honor his visitation rights and "tried to turn the child against him." Ultimately, Hayes initiated divorce proceedings against Duong in September 2024, first seeking primary physical custody of the child (with Duong being limited to visitation) and then later seeking "exclusive" custody. Unsurprisingly, this legal filing further strained the relationship, with Hayes making several unanswered calls to the child in early November. On November 12, 2024, Hayes received an email from Mother stating that she had taken the child to South Carolina. Hayes alleges that he did not consent to Duong moving to South Carolina, and that since moving Duong

---

[1] Hayes alleges that he now has a "stable" relationship with an Italian woman, with whom he (presumably) has a child (the papers refer to her being pregnant some time before Duong and her child left Italy, almost nine months ago).

has provided Hayes with inaccurate information regarding her residence and attempted to conceal her location. Hayes now believes that Duong has moved to Mecklenburg County, North Carolina and is working at a local nail salon. *See* Doc. No. 1 at 4-5.

Hayes filed this action on July 28, 2025, (asserting venue in the District of South Carolina) then filed an Amended Complaint on July 29, 2025, changing the pleading to reflect Duong's alleged residence in this district. Doc. No. 4. He requests that pursuant to Articles 1(a) and 12 of the 1980 Convention that this Court order that his daughter be returned to Italy, which he alleges was the child's habitual residence prior to November 2024, when Duong left Italy with their daughter and began living in the United States.

### III.    DISCUSSION

During the Court's telephone conference with Hayes' counsel, they clarified the immediate relief they seek from the Court, which is much more limited than what is requested in Hayes' TRO motion. Specifically, Hayes asks that the Court presently order that:

1. The U.S. Marshals serve Duong with the Petition and other documents filed in this Court;

2. Duong and the child be required to remain within the jurisdiction of this Court until a hearing can be held on Hayes' Petition;

3. Duong be required to give up her and the child's travel documents (such as their passports) to the U.S. Marshals; and

4. An evidentiary hearing be promptly set for the Court to hear from both sides and decide the dispute.

Based on these limited requests, the Court finds that Hayes has satisfied the requirements for the Court to enter a TRO granting this relief. Specifically, he has shown a likelihood of success

on the merits,[2] and that he will suffer irreparable harm if Duong and the child are not enjoined from leaving the District, the balance of equities tips in his favor and the public interest supports an injunction. In making these findings the Court emphasizes that it does so only as an initial finding to maintain the status quo (with Duong and the child living together in Mecklenburg County, NC) until a hearing can be held in which both sides have an opportunity to be heard. In other words, to be clear to all, the Court makes no forecast of how it will rule after it has had a chance to hear Ms. Duong's side of the story.

Therefore, the Court will enter the Order below.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Court has jurisdiction over this matter pursuant to 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331. Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b);

2. A limited *ex parte* TRO is appropriate under these circumstances to prohibit Duong and the minor child from leaving this jurisdiction prior to a ruling on the merits;

3. Pursuant to Fed. R. Civ. Proc. 65(b)(2), the Court finds that there is good cause to extend the TRO past 14 days. Specifically, the Court orders that this TRO shall remain in place until after the consolidated preliminary injunction hearing and trial on the merits set by the Court below;

---

[2] Italy was the habitual residence of the child prior to November 2024; Hayes has "joint" custody rights under the Italian Separation Order that he was exercising prior to Duong leaving Italy; and Hayes alleges that he did not consent to Duong leaving Italy with the child, which breached his custodial rights.

6

4. Duong, and any person acting in concert or participation with her, is prohibited from removing her daughter (the "Child") from the jurisdiction of this Court pending a hearing on the merits of the Verified Amended Complaint (Duong is also permitted to be in any location within 30 miles of Charlotte, North Carolina, even if outside the Court's jurisdiction);[3]

5. The United States Marshals Service is directed to serve Respondent (see Doc. No. 3-1 for addresses) with copies of the Amended Complaint (Doc. No. 4), the pending motions (Doc. Nos. 2 and 3), and this Order and take possession of the travel documents described below;

6. Duong shall surrender her and the Child's travel documents (including, but not limited to, passports or and any other documents that could permit her or the Child to travel outside the jurisdiction (but not including her driver's license)) to the U.S. Marshal Service upon service of this Order (or, if permitted by the Marshals, to deliver the travel documents to the Marshals or the Court within 48 hours of service);

7. The security requirement under Rule 65(c) is waived in its entirety in light of the nature of the relief being granted; and

---

[3] As with any order of the Court, but particularly in this instance, the Court urges Ms. Duong to comply with the Court's limited restrictions. In the event that she leaves the jurisdiction, she will be in violation of the order of a United States District Court, and the Court may order that she be arrested by the U.S. Marshal Service and brought back to this Court. In that event, the Child will also need to be taken into custody, which would clearly not be in her best interests, and which the Court very much wants to avoid.

8. The consolidated preliminary injunction hearing and hearing on the merits shall be held on August 26, 2025 at 10:00 a.m. in Courtroom #4B, 401 W Trade St, Charlotte, NC 28202 before District Judge Kenneth D. Bell.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 1, 2025

Kenneth D. Bell
United States District Judge